FILED
SUPERIOR COURT
OF GUAM

2014 SEP -8 PM 1: 50

CLERK OF COURT
BY:

**IN THE SUPERIOR COURT
OF GUAM**

| | | |
|---|---|---|
| CHAMORRO EQUITIES, INC., | ) | Civil Case no. CV0408-13 |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | **DECISION AND ORDER** |
| VIVIAN McCURDY, LISA ULLOA, and | ) | |
| FEDERICK ULLOA, | ) | |
| Defendants. | ) | |
| | ) | |
| VIVIAN McCURDY, WALTER D. ULLOA, | ) | |
| JUDITH E. OLIVER, and LISA ULLOA | ) | |
| Counterclaim Plaintiffs, | ) | |
| vs. | ) | |
| | ) | |
| CHAMORRO EQUITIES, INC., ROBERT V. | ) | |
| ULLOA, GERALD D. HARTWICK, | ) | |
| KENNETH E. THOMPSON, PRISCILLA U. | ) | |
| HARTWICK, SHEILA M. MANALOTO, and | ) | |
| DOES 2-10, | ) | |
| Counterclaim Defendants, | ) | |
| | ) | |
| MEC, LLC., | ) | |
| Intervenor. | ) | |

**INTRODUCTION**

Pursuant to Rule 7.1 of the Local Rules of the Superior Court of Guam, Intervenor's motion to amend pleading was taken under advisement by the Honorable Judge Michael J. Bordallo on August 11, 2014. The Intervenor, MEC LLC., (hereafter MEC), was represented

by attorney Joseph C. Razzano. Plaintiff was represented by attorney Mitchell F. Thompson. Counterclaim Defendants Robert V. Ulloa, Gerald D. Hartwick, Kenneth E. Thompson, Priscilla U. Hartwick, and Sheila M. Manaloto, (hereafter Counterclaim Defendants) were represented by attorney Bill R. Mann. After considering the matters presented, the Court now issues the following decision and order granting Intervenor's motion.

## BACKGROUND

This case arises out of a March 29, 2013 complaint, for the cancellation and collection of several improper loan agreements, made between Plaintiff and Defendants. Compl. at 2-5. The complaint seeks to void the loans and recover the amounts of the loans. *Id.* at 5.

On June 20, 2014, MEC filed its motion to file amended pleading. Mot. at 1. In it MEC requests leave to file an amended answer and counterclaim. *Id.* MEC argues that allowing the amendment will not unnecessarily increase costs or cause undue prejudice. *Id.* at 2. In support of its arguments it asserts that discovery is yet ongoing, and their claims and defenses stem from the same set of existing alleged facts currently at issue. *Id.* Lastly it argues that its request is timely and not made in bad faith. *Id.* at 3-4.

Plaintiff filed its opposition to MEC's request on July 18, 2014. Opp. at 1. In it Plaintiff argues that MEC's request is futile. *Id.* at 1-2. Plaintiff reasons that because MEC is not the legal owner of the Stock, its additional four counts of: accounting, constructive trust, receivership and violation of 13 GCA § 8401(2), lack the necessary facts to support an adequate claim. *Id.*

Specifically, citing two California cases, Plaintiff argues that as to the claim for accounting, because a specific sum is ascertainable MEC accounting claim is not proper. *Id.* at 2. Similarly, as to the proposed claim for constructive trust, Plaintiff argues that MEC's claim for damages is disallowed. *Id.* Citing a 1979 Massachusetts US District Court decision,

Plaintiff argues that there are insufficient facts pled to merit the extraordinary relief a claim for receivership allows; there being no allegation Plaintiff is insolvent or unable to pay the requested amounts. *Id.* at 3.

Counterclaim Defendants filed their joiner to Plaintiff's opposition on July 18, 2014. Mot. at 2. Their paper asserts their intention to join Plaintiff's opposition. *Id.* at 2.

MEC filed its reply on August 1, 2014. Reply at 1. In it MEC asserts its pledgee status and or ownership interests in the shares of Mrs. Vivian McCurdy; a first generation shareholder in Plaintiff. *Id.* at 2. Addressing Plaintiff's futility argument, MEC asserts that Plaintiff failed to meet its burden that MEC's proposed amendment could not be saved under any possible amendment. *Id.* at 4. It further counters that it has pled sufficient facts to allow for all counts arising out of its assertions of ownership to proceed. *Id.* at 5.

Addressing the Plaintiff's damages and accounting argument, MEC asserts that its status as a counterclaim defendant and shareholder allow it to so recover. *Id.* at 6. MEC argues that while it may not recover damages and restitution, the rules of pleading allow both of these actions to be pled and tried. *Id.* Finally as to Plaintiff's receivership argument MEC argues it has alleged sufficient facts to support this claim. *Id.*

## DISCUSSION

Motions to amend a pleading are regulated by Rule 15 of the Guam Rules of Civil Procedure. Guam R. Civ. P. 15. In pertinent part it provides, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." In 2005 the Guam Supreme Court outlined the factors a court is to consider when reviewing a request to amend a pleading. *Arashi & Co., Inc. v. Nakashima Enterprises, Inc.*, 2005 Guam 2 ¶ 16. The *Arashi* Court held that assertions of, "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure

deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment," all mitigate against granting a party's motion to amend. *Arashi & Co., Inc.*, 2005 Guam 2 ¶ 16.

While MEC, in its moving paper, generally argues and asserts that its proposed amendments satisfy the above factors, it fails to individually, save one amendment, to analyze any of its proposed amendments. Mot. at 1-4. Plaintiff and Counterclaim Defendants however, rather than arguing insufficiency, rely on the futility factor, identifying and opposing the majority of MEC's proposed amendments. *Opp.* at 1-3.

The Guam Supreme Court has yet to define or attach a standard to a finding of futility. However, in 2002 the US 2nd Circuit Court of Appeals held, "[a]n amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to [Rule] 12(b)(6)." *Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 258 (2d Cir.2002). Viewing the pleading facts asserted in the light most favorable to MEC, having made sufficient assertions of ownership, the Court is not persuaded that the amendments sought are futile. Further, Plaintiff, having not raised an objection to the other *Arashi* factors, the Court finds them, for purposes of this motion, waived. *Arashi & Co., Inc.*, 2005 Guam 2 ¶ 16.

//

//

//

## CONCLUSION

Based upon the foregoing the Court grants MEC's request. Upon timely filing the appropriate pleadings and accounting for the Guam Supreme Court's Administrative Rule 13-003, the Parties shall submit a stipulated or individually proposed discovery and scheduling order within 45 days.

SO ORDERED, this ___8___ day of ___Sept.___ 2014.

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

**CIVILLE & TANG, PLLC**
330 HERNAN CORTEZ AVENUE, SUITE 200
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 472-8868
FACSIMILE: (671) 477-2511

*Attorneys for Petitioner,*
*MEC, LLC.*

FILED
SUPERIOR COURT
OF GUAM

2014 JUN 20 PI 4: 07

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| CHAMORRO EQUITIES, INC., <br><br> Plaintiff, <br><br> vs. <br><br> VIVIAN McCURDY, LISA ULLOA, and FREDERICK ULLOA, <br><br> Defendants. | CIVIL CASE NO. CV0408-13 |
| VIVIAN McCURDY, WALTER D. ULLOA, JUDITH E. OLIVER, and LISA ULLOA <br><br> Counterclaim Plaintiffs, <br><br> vs. <br><br> CHAMORRO EQUITIES, INC., ROBERT V. ULLOA, GERALD D. HARTWICK, KENNETH E. THOMPSON, PRISCILLA U. HARTWICK, SHEILA M. MANALOTO, and DOES 2-10, <br><br> Counterclaim Defendants. | **MOTION AND MEMORANDUM IN SUPPORT OF MOTION TO FILE AMENDED PLEADING** |
| MEC, LLC., <br><br> Intervenor and Counterclaim Plaintiff. | |

ORIGINAL

Pursuant to Rule 15(a) of the Guam Rules of Civil Procedure, Intervenor and Counterclaim Plaintiff MEC, LLC ("MEC") respectfully requests leave of court to file an amended answer and amended counterclaim in this matter. MEC seeks to amend its answer as well as its counterclaims. The proposed Amended Answer and Amended Cross-complaint is attached to the Declaration of Joshua D. Walsh (hereinafter "Walsh Dec.") as **Exhibit "A"** and is incorporated by reference.

Leave to amend should be freely given when justice so requires. Guam R. Civ. P. 15(a); see also, Arashi & Co., Inc. v. Nakashima Enterprises, Inc., 2005 Guam 21, ¶16; Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962); Walton v. Mental Health Ass'n., 168 F.3d 661, 665 (3d Cir. 1999). Moreover, unless the opposing party can show prejudice, bad faith, or undue delay, a court should grant leave to file an amended pleading. Foman, 371 U.S. at 182, 83 S. Ct. at 230. The Proposed Amended Complaint, as explained to all parties, adds statutory claims as well as seeks equitable relief and protection from this Court.

I. **THERE IS NO PREJUDICE TO ANY CURRENT PARTY; THE COURT SHOULD GRANT THE MOTION.**

Plaintiff and Counterclaim Defendants will not be prejudiced by MEC's amended pleading because prejudice results when an amendment would unnecessarily increase costs or would diminish the opposing party's ability to respond to the amended pleading. Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990). For example, if a motion to amend seeks to change a party's claims in close proximity to trial, then permitting the amendment may delay the progress of the case and prejudice the opponent's ability to prosecute its case. Hill v. Opus Corp., 841 F.Supp.2d 1070, 1103-04 (C.D.Cal. 2011); see also Lockheed Martin Corp.v. Network Solutions, Inc., 194 F.3d 980, 986 (9th Cir. 1999) ("A need to reopen discovery and thereby delay the proceedings supports a district court's finding of prejudice from a delayed motion to amend.").

2

In this case, discovery is ongoing and counterclaim Defendants have every opportunity to investigate the new claims and defenses. Importantly, the claims and defenses stem from the same set of existing alleged facts that currently shape the litigation in this case. As such, there will be no substantial increase in time or cost to this litigation and permitting the amendment is proper.

## II. THERE IS NO BAD FAITH; THE COURT SHOULD GRANT THE MOTION.

Bad faith exists when the moving party seeks to amend merely to prolong the litigation by adding "new but baseless legal theories." Griggs v. Pace American Group, Inc., 170 F.3d 877, 881 (9th Cir. 1999). It includes amendments filed frivolously or for an improper purpose. Westlake North Prop. Owners Ass'n v. City of Thousand Oaks, 915 F.2d 1301, 1305 (9th Cir. 1990).

The claims added by MEC are either statutory or equitable in nature and deal with the theft and conversion of its property—claims that stem from allegations that have already been alleged.[1] As an example, MEC alleged that the counterclaim Defendants tortuously interfered with its contract with Vivian McCurdy. See Intervening Defendant MCE, LLC's Answer to Second Amended Complaint; Counterclaims, filed March 12, 2014. This tortious interference takes the form, among other things, of Chamorro Equities refusing to register the transfer of Chamorro Equities shares from Vivian McCurdy to MEC. This behavior, while being a tortious interference with contract, is also a violation of Guam's Uniform Commercial Code and is subject to damages. 13 G.C.A. §8401(2). As such, MEC added the violation of statue as a claim, as is its right. There can be no allegation that the proposed amendment is in bad faith.

---

[1] Some facts are new because Chamorro Equities has taken new steps to frustrate MEC as a shareholder. These new facts, however, are reiterations of Chamorro Equities' previous position—it utterly refuses to recognize MEC as a shareholder. As an example of the new facts, Chamorro Equities refused to allow MEC to participate in the most recent Shareholder meetings. See correspondence, June 10, 2014, attached to Walsh Dec., as **Exhibit "B."** That correspondence and these actions, however, post date MEC's Answer to Second Amended Complaint; Counterclaims and the inclusion of these facts, in no way, demonstrate bad faith.

3

## III. THE MOTION IS TIMELY; THE COURT SHOULD GRANT THE MOTION.

The Court set the deadline to amend the complaint as the 20th of this month. MEC seeks to amend on or before this date.

## CONCLUSION

This Court has a duty to allow the proposed amendment unless the objecting party can demonstrate prejudice or bad faith. This is an impossible task as there is no prejudice to any party or bad faith on the part of MEC. As such, MEC respectfully requests that it be allowed to amend its complaint.

DATED this ___20___ day of June, 2014.

CIVILLE & TANG, PLLC

By:_____
JOSEPH C. RAZZANO
JOSHUA D. WALSH
*Attorneys for MEC, LLC.*

4

**THOMPSON GUTIERREZ & ALCANTARA**
A Limited Liability Company
238 Archbishop Flores Street
Suite 801, DNA Building
Hagåtña, Guam 96910
Telephone: (671) 472-2089
Facsimile: (671) 477-5206

Attorneys for Plaintiff Chamorro Equities, Inc.

**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| CHAMORRO EQUITIES, INC., ) | **CIVIL CASE NO. CV0408-13** |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| VIVIAN McCURDY, LISA ULLOA, and ) | |
| FREDERICK ULLOA, ) | |
| ) | **CEI'S OPPOSITION TO** |
| Defendants. ) | **MEC, LLC'S MOTION TO** |
| ——————————————————) | **FILE AMENDED PLEADING** |
| ) | |
| VIVIAN McCURDY, WALTER D. ULLOA,) | |
| JUDITH E. OLIVER, and LISA ULLOA, ) | |
| ) | |
| Counterclaim-Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | |
| CHAMORRO EQUITIES, INC., ROBERT V.,) | |
| ULLOA, GERALD D. HARTWICK, ) | |
| KENNETH E. THOMPSON, PRISCILLA U. ) | |
| HARTWICK, SHEILA M. MANALOTO, ) | |
| AND DOES 2-10, ) | |
| ) | |
| Counterclaim-Defendants. ) | |
| ——————————————————) | |
| ) | |
| MEC, LLC, ) | |
| ) | |
| Intervenor. ) | |
| ——————————————————) | |

*ORIGINAL*

Plaintiff Chamorro Equities, Inc. ("CEI") submits its opposition to the Motion to File Amended Pleading by Intervenor MEC, LLC ("MEC") herein. CEI opposes the motion to amend as the proposed amendments are futile.

## I. MEC'S PROPOSED AMENDMENTS ARE FUTILE

### A. Futility of Proposed Amendment as Basis to Deny Amendment.

The Supreme Court has recognized that one basis to deny leave to amend is when the proposed amendment is futile. Arashi & Co., Inc. v. Nakashima Enterprises, Inc., 2005 Guam 21, at ¶16. Federal courts, in interpreting the federal model for Rule 15 of the Guam Rules of Civil Procedure have also denied leave to amend on the basis of futility. Whitley v. Hanna, 726 F.3d 631, 648-49 (5th Cir. 2013), cert. dnd. -U.S.- (2014) (motion to amend properly denied when proposed amendments were futile); Winget v. J.P. Morgan Chase Bank N.A., 537 F.3d 565, 573 (6th Cir.2008) (trial court properly denied leave to amend when amendment would be futile; plaintiffs' claims were barred by res judicata or were premature).

See also Roth v. Marquez, 942 F.2d 617, 629 (9th Cir. 1991) (trial court properly denied leave to amend when amended claim would certainly be defeated at summary judgment).

In this case, it is curious that MEC's motion fails to note, let alone discuss, futility as grounds for denying a motion to amend. This silence speaks volumes.

MEC's proposed amended pleading seeks to add four new" counts." Each of the four "counts" [accounting; constructive trust; receivership; and violation of 13 GCA 8401(2)] is predicated on MEC's ownership of Vivian McCurdy's shares in CEI.

1

However, as set forth in CEI's opposition to MEC's Motion for Injunctive Relief, filed July 14, 2014, herein, MEC does not have legal ownership of Mrs. McCurdy's shares due to MEC's failure to comply with the requirements of 13 GCA 9505(2). As MEC has not even alleged compliance with 13 GCA 9505(2). Vivian McCurdy remains the owner of her CEI stock, and MEC's proposed new claims are futile as a matter of law.

**B.      Other Defects in Proposed Amended Claims.**

Further, MEC fails to provide any authority to support its proposed new claims would not be futile even if MEC owned Mrs. McCurdy's shares. For example, Count [sic] Nine asserts a claim for accounting. However, if an ascertainable sum is owed, an action for accounting is not proper. Prakashpalan v. Engstrom, Lipscomb & Lack, 223 Cal.App.4th 1105, 167 Cal.Rptr.3d 832 (2014); St James Church of Christ Holiness v. Superior Court, 135 Cal.App.2d 352, 287 P.2 387, 391 (1955) (same).

In its original pleading herein, and even in its proposed amended pleading, MEC alleges that monthly cash distributions and dividends have been declared, and other shareholders have been paid. *See* MD's pleading filed March 12, 2014, at ¶¶105 to 107. See also count eight of MEC's proposed amended pleading. Having alleged that the distribution has been declared and paid, MEC has acknowledged that there any amount due is not unknown. MEC's claims for an accounting is thus defective.

Further, MEC previously elected to demand damages for its claim as to distributions. *See* ¶13 at page 23 of the proposed amended pleading. MEC cannot now elect to also demand a constructive trust as its remedy. *See* Weightman v. Hadley, 113 Cal. App. 2d 598, 248 P.2d 801, (1952).

As to MEC's claim for receivership [count 11], MEC fails to allege a sufficient basis for the appointment of a receiver. The appointment of a receiver is an extraordinary remedy, which should be employed with utmost caution and granted only in cases of clear necessity to protect the party's interest. *See* Commodity Futures Trading Commission v. Comvest Trading Corp., 481 F.Supp. 438, 441 (D.Mass.1979).

MEC does not assert, let alone offer any proof, that CEI does not have the ability to pay the distributions to MEC should the court ultimately make a determination that MEC does indeed lawfully own the shares, and had a right to the distribution. In fact, MEC, in its own pleading herein, alleged that CEI has a monthly income of $140,000.00. MEC's Answer to Second Amended Complaint and Counterclaims, filed March 12, 2014, at ¶44. Further, MEC alleged that CEI is financially sound, and has "more than sufficient income, retained earnings, or surplus profits" to pay monthly cash dividends. *Ibid.*, at ¶46. MEC by its own pleadings has demonstrated the futility of its proposed receivership claim.

## II. CONCLUSION

Based on the forgoing, the Court should deny the motion to amend.

Dated this 18th day of July, 2014.

THOMPSON GUTIERREZ & ALCANTARA, LLC
Attorneys for Plaintiff Chamorro Equities, Inc.

By:_____
MITCHELL F. THOMPSON

P141176.MFT

3

BERMAN O'CONNOR & MANN
Suite 503, Bank of Guam Bldg.
111 Chalan Santo Papa
Hagåtña, Guam 96910
Telephone No.: (671) 477-2778
Facsimile No.: (671) 477-4366

Attorneys for Counterclaim Defendants:
*Robert V. Ulloa, Gerald D. Hartwick, Kenneth E. Thompson,*
*Priscilla U. Hartwick, and Sheila M. Manaloto*

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| CHAMORRO EQUITIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> VIVIAN McCURDY, LISA ULLOA, and FREDERICK ULLOA, <br><br> Defendants. | CIVIL CASE NO. CV0408-13 <br><br> **JOINDER IN OPPOSITION OF CHAMORRO EQUITIES, INC. TO MEC, LLC's MOTION TO FILE AMENDED PLEADING** |
| VIVIAN McCURDY, WALTER D. ULLOA, JUDITH E. OLIVER, and LISA ULLOA, <br><br> Counterclaim-Plaintiffs, <br><br> v. <br><br> CHAMORRO EQUITIES, INC., ROBERT V. ULLOA, GERALD D. HARTWICK, KENNETH E. THOMPSON, PRISCILLA U. HARTWICK, SHEILA M. MANALOTO, and DOES 2-10, <br><br> Counterclaim-Defendants. | |
| MEC, LLC, <br><br> Intervenor and Counterclaim Plaintiff. | |

H:\Christine\BRM\CEI\CV0408-13\Joinder in Opp 07182014.doc

*MJTD*

*Chamorro Equities, Inc. v. Vivian McCurdy, et al.*
Civil Case No. CV0408-13
Joinder in Opposition of Chamorro Equities, Inc. to MEC, LLC's Motion to File Amended Pleading

The Counterclaim Defendants Robert V. Ulloa, Gerald D. Hartwick, Kenneth E. Thompson, Priscilla U. Hartwick, and Sheila M. Manaloto hereby join in the Opposition of Chamorro Equities, Inc. to MEC, LLC's Motion to File Amended Pleading.

DATED this 18th day of July, 2014.

**BERMAN O'CONNOR & MANN**
Attorneys for Counterclaim Defendants
*Robert V. Ulloa, Gerald D. Hartwick,*
*Kenneth E. Thompson, Priscilla U. Hartwick, and*
*Sheila M. Manaloto*

By: _____
**BILL R. MANN**

-2-

# III. ELEMENTS OF OFFENSE

## JURY INSTRUCTION NO. 3A

---

### ESSENTIAL ELEMENTS OF FAMILY VIOLENCE

The People must prove beyond a reasonable doubt that the defendant, LESTER ANASTACIO,

1. On or about February 5, 2011,

2. on Guam

3. recklessly placed a family member or household member,

  that is G.J.C. (DOB: 10/11/2000)

4. in fear of bodily injury,

5. and did not act in self-defense.

**CIVILLE & TANG, PLLC**
330 HERNAN CORTEZ AVENUE, SUITE 200
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 472-8868
FACSIMILE: (671) 477-2511

*Attorneys for Intervenor MEC, LLC*

FILED
SUPERIOR COURT

2014 AUG -1 PM 4: 28

CLERK OF COURT

BY:

**IN THE SUPERIOR COURT OF GUAM**
**HAGATNA, GUAM**

| | |
|---|---|
| CHAMORRO EQUITIES, INC., | Civil Case No. CV0408-13 |
| Plaintiff, | |
| vs. | |
| VIVIAN McCURDY, LISA ULLOA and FREDERICK ULLOA | **MEC, LLC'S REPLY TO CHAMORRO EQUITIES, INC.'S OPPOSITION TO THE MOTION TO FILE AN AMENDED PLEADING** |
| Defendants. | |
| VIVIAN MCCURDY, WALTER D. ULLOA, JUDITH E. OLIVER AND LISA ULLOA, | |
| Counterclaim Plaintiffs, | |
| vs. | |
| CHAMORRO EQUITIES, INC., ROBERT V. ULLOA, GERALD D. HARTWICK, KENNETH E. THOMPSON, PRISCILLA U. HARTWICK, SHEILA M. MANALOTO and DOES 2-10 | |
| Counterclaim Defendants. | |
| MEC, LLC | |
| Intervenor. | |

**ORIGINAL**

-1-

MJB

JURY INSTRUCTION NO. 3B

---

## ESSENTIAL ELEMENTS OF ASSAULT

The People must prove beyond a reasonable doubt that the defendant, LESTER ANASTACIO,

1. On or about February 5, 2011,

2. on Guam

3. recklessly caused

4. bodily injury

5. to another, that is, G.J.C. (DOB: 10/11/2000)

6. and did not act in self-defense.

## ARGUMENT IN REPLY

I. **CHAMORRO EQUITIES' CONDUCT NECESSITATED MEC'S INTERVENTION, AND ITS CONTINUING CONDUCT JUSTIFIES THE AMENDMENTS THAT MEC SEEKS.**

Plaintiff Chamorro Equities, Inc. ("Chamorro Equities") brought suit against the original Defendants alleging that its former officers and directors breached their fiduciary duties owed to the company. See Partial Motion for Summary Judgment, filed on April 9, 2014. Vivian McCurdy, Lisa Ulloa, and Frederick Ulloa (collectively the "Counterclaim Defendants"), for their part, all accuse Chamorro Equities and the remaining Counterclaim Defendants of conversion and shareholder oppression. See, Amended Answer and Counterclaim, filed May 3, 2013.

MEC, LLC ("MEC") became involved with the parties two (2) years ago when it took, as security for a loan, a pledge of Vivian McCurdy's ("Mrs. McCurdy") shares of stock (the "Shares") in Chamorro Equities. MEC, at the very least, is a pledgee of Vivian McCurdy's shares. Importantly, it has no interest in the squabble that currently exists between Chamorro Equities and the Counterclaim Plaintiffs beyond the baseline consideration that its rights must be respected and that its investment must be protected. Despite repeated attempts to preserve its rights without judicial action—rights that Chamorro Equities impermissibly ignores[1] —MEC was compelled to intervene in this lawsuit. MEC brought suit against not just Chamorro Equities, but several of its officers and directors as well. Subsequent to its intervention, Chamorro Equities, its officer, directors, and attorneys continued to trample on MEC's rights by refusing to allow it to vote at the annual shareholders meeting held on June 11, 2014. It took this action despite the fact that MEC had a valid proxy agreement from Mrs. McCurdy.[2]

---

[1] As noted in previous filings with this court, Chamorro Equities, untenably, treats MEC as a holder and as an assignee of some of the rights of the Shares when it wishes to exercise its "right" of first refusal but refuses to recognize MEC's rights to participate in Chamorro Equities either through voting or through profit participation.

[2] In his deposition, President Ulloa indicated that the reason Chamorro Equities refused to let MEC vote at its shareholder meeting was due to the fact that the Mrs. McCurdy's proxy given to

# VII. CLOSING INSTRUCTIONS

## JURY INSTRUCTION NO. 4A

---

### RIGHT TO SEE EXHIBITS AND HEAR TESTIMONY;

### COMMUNICATIONS WITH THE COURT

You are about to go into the jury room and begin your deliberations. The exhibits will be sent to you in the jury room. If you want any of the testimony played, that can also be done.

Any communication with the court - should be made to me in writing, signed by your foreperson, and given to one of the marshals. I will respond to any questions or requests you have as promptly as possible, either in writing or by having you return to the courtroom so I can speak with you in person. In any event, do not tell me or anyone else how the jury stands on the issue of the defendant's guilt or innocence until after a unanimous verdict is reached.

## JURY INSTRUCTION NO. 4B

---

### GENERAL VERDICT AS TO THE OFFENSE CHARGED

Verdict forms have been prepared for your convenience concerning the charges contained in the indictment. Do not disclose to anyone outside the jury, not even to me or any member of my staff, either orally or in writing, how you are divided numerically in your balloting as to the guilt or innocence of the defendant or as to the offenses charged, or any finding required, until I specifically direct otherwise.

Because of these actions MEC sought leave of court to amend its counterclaim in intervention (the "Motion"). The Motion, and its exhibits, detail Chamorro Equities' continuing acts of shareholder oppression and adds the following claims: accounting; constructive trust; receivership; and violations of the Guam Uniform Commercial Code. Id. Put simply, MEC claims to be a shareholder and Chamorro Equities, and the other Counterclaim Defendants, refuse to recognize its status as a shareholder or even respect its rights as a secured creditor with an interest in shares. Against this backdrop, Chamorro Equities claims, that MEC: (1) does not own the Shares; and (2) that the amendments are futile. None of these arguments have any merit.

## II. CHAMORRO EQUITIES FAILED TO IDENTIFY THE CORRECT STANDARD FOR THE MOTION AND INAPPROPRIATELY SHIFTED THE BURDEN.

Chamorro Equities neglects to state the standard and burden for its Opposition. As stated in the Motion, leave to amend should be freely given when justice so requires. Guam R. Civ. P. 15(a); see also, Arashi & Co., Inc. v. Nakashima Enterprises, Inc., 2005 Guam 21, ¶16. A court may only deny leave to amend on the basis of prejudice, bad faith, undue delay or futility, Foman v. Davis, 371 U.S. 178, 182 (1962), and Chamorro Equities only argues futility in its Opposition. This is an extremely difficult standard for Chamorro Equities because "'[t]he party opposing amendments bears the burden of showing prejudice, futility, or one of the other permissible reasons for denying a motion to amend." Farina v. Compuware Corp., 256 F. Supp. 2d 1033, 1060 (D. Ariz. 2003) (quoting DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 187 (9th Cir. 1987)). Moreover, opposing a motion to amend on the grounds of futility is improper unless it is "clear . . . that the complaint could not be saved by *any* amendment." United States ex rel. Lee v. Corinthian Colls., 655 F.3d 984,

---

MEC was contained within "an invalid stock transfer." Deposition of Robert V. Ulloa, p. 42, lns. 7-21, attached to the Declaration of Joshua D. Walsh (hereinafter Walsh Dec.) as **Exhibit "A."** As the President of Chamorro Equities believes that the pledge agreement between MEC and Mrs. McCurdy was an "invalid stock transfer[,]" it is impossible to reconcile Chamorro Equities legal argument that the pledge agreement is not, in fact, a stock transfer. Opposition to Injunction at pp. 7-8.

-3-

JURY INSTRUCTION NO. 4C

---

## VERDICT - UNANIMOUS - DUTY TO DELIBERATE

The verdict form must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree thereto. Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment. Each of you must decide the case for him or herself, but do so only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

JURY INSTRUCTION NO. 4D

---

## ELECTION OF A FOREPERSON

You shall now retire and select one of your number to act as foreperson. He or she will preside over your deliberations. In order to reach verdicts, all six jurors must agree to the decision. As soon as all of you have agreed upon a verdict, so that each may state truthfully that the verdict expresses his or her vote, have it dated and signed by your foreperson and then return with them to this courtroom.

995 (9th Cir. 2011) (emphasis added) (internal quotation marks omitted). In other words, it is Chamorro Equities' burden to convince the court that MEC's proposed amendment could not be saved by *any* possible amendment, and it failed that task. Beyond failing to meet its burden in demonstrating futility, Chamorro Equities inappropriately attempted to shift the burden onto MEC to demonstrate a *lack* of futility. Opposition at p. 2 ("MEC fails to provide any authority to support its proposed new claims would not be futile even if MEC owned Mrs. McCurdy's shares."). As such, Chamorro Equities' Opposition must fail.

III.    MEC IS THE OWNER OF THE SHARES AND CHAMORRO EQUITIES' ATTEMPT TO ASSERT OTHERWISE IS IRRELEVANT TO MEC'S EFFORT TO AMEND ITS PLEADINGS.

Chamorro Equities major argument regarding futility is that MEC does not own the Shares and, as such, the amendments are futile. Opposition at pp. 1-2.[3] Chamorro Equities entire argument is nothing more than a referral to its Opposition to MEC's Motion for Injunctive Relief, filed July 14, 2014 (hereinafter "Opposition to Injunction"). Id. In other words, Chamorro Equities asks this Court to take notice of the previously filed opposition and apply the same reasoning in this Motion. This argument, such as it is, is misplaced.

The central issue of this case is ownership of the Shares and the rights that flow from ownership. Simply declaring that MEC does not own the Shares does not make it so. Moreover, Chamorro Equities *has never actually made the argument that the Shares do not belong to MEC*. Rather, Chamorro Equities has argued that: "MEC failed to provide any evidence that it complied with the requirements of [Article 9 of the Guam Uniform Commercial Code ("GUCC")]." Opposition to Injunction at p. 7. Put simply, Chamorro Equities has only argued that MEC hasn't proven compliance with the debtor's rights and that the failure to demonstrate compliance with the debtor's rights bars MEC's claim to the Shares. Id. This argument provides no basis for Chamorro Equities'

---

[3] Again, this isn't even the correct standard. The standard regarding futility isn't whether or not the proposed amendment is futile, but whether or not *any* amendment is futile. Corinthian, 655 F.3d at 995.

-4-

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

# JURY INSTRUCTIONS

## PEOPLE OF GUAM

### vs.

### Lester Anastacio,

### Criminal Case No. CM0177-11

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

opposition to MEC's amendment effort.

First, Chamorro Equities has no standing to make this argument in the first place. Article 9 of the GUCC is the law of secured transactions and Chamorro Equities isn't a secured party, isn't a debtor, and isn't involved in the transaction between Mrs. McCurdy and MEC. As such, Chamorro Equities has no standing to raise a debtor's rights defense under Article 9.

Second, the issue in this Motion is not whether Chamorro Equities has a defense or not. The only issue is whether the new pleading puts Chamorro Equities on notice of the new claims being brought and whether or not those claims can be pled under *any* set of facts. See, generally, GRCP 8. MEC has alleged that it owns the Shares. Chamorro Equities disputes this fact. Chamorro Equities, while able to litigate these facts, is not able to avoid the entire process at the outset by declaring itself the winner at this stage of the proceedings. MEC should be allowed to amend its complaint.

## IV. THE REMAINING ARGUMENTS PROFFERED BY CHAMORRO EQUITIES FAIL AS WELL.

The last section of the Opposition complains that: (1) if an ascertainable sum is owed an action for accounting is improper; (2) a party is not entitled to both a constructive trust and damages; and (3) MEC fails to offer sufficient facts to support a receivership. These arguments all fail for the same reason—Chamorro Equities misapprehends the standard that governs the amendment of pleadings. Again, denying a motion to amend based on futility is only proper if it is "clear . . . that the complaint could not be saved by *any* amendment." Corinthian, 655 F.3d at 995. Given this standard, it is unclear why Chamorro Equities argues futility in the first place. Futility is a perfectly fine argument for a statute of limitations defense, Wilkerson v. World S&L Ass'n., 404 Fed. Appx. 211 (9th Cir. 2010), but it is inappropriate to use in any case where the complaint could be repled to state a claim. None of Chamorro Equities' arguments are valid as they all depend on facts that could be pled.

Chamorro Equities also argues that since the dividend it owes MEC is ascertainable, there is

# JURY INSTRUCTIONS

# INDEX

## JURY INSTRUCTION NUMBER

## I. PRELIMINARY OPENING INSTRUCTIONS

JUROR ATTENTIVENESS AND DUTIES.................................................................. 1A
EVIDENCE ............... ....................................................................................... 1B
CREDIBILITY ..................................................................................................... 1C
THE PEOPLE AS A PARTY BURDEN OF PROOF.......................................... 1D
JUSTIFIED USE OF FORCE ON A MINOR .............................................. 1E

## II. SPECIFIC DEFINITIONS

"FAMILY VIOLENCE" DEFINED ....................................................... 2A
"ASSAULT" DEFINED ................................................................... 2B
"RECKLESSLY" DEFINED ................................................................. 2C
"BODILY INJURY" DEFINED ............................................................. 2D
"FAMILY MEMBER" DEFINED ........................................................... 2E
"SELF DEFENSE" DEFINED ............................................................. 2F

## III. ELEMENTS OF OFFENSE

ESSENTIAL ELEMENTS OF FAMILY VIOLENCE....................................... 3A
ESSENTIAL ELEMENTS OF ASSAULT .................................................. 3B

## VI. CLOSING INSTRUCTIONS

VERDICT -- UNANIMOUS -- DUTY TO DELIBERATE ............................................. 4A
GENERAL VERDICTS AS TO EACH OFFENSE CHARGED .................................... 4B
ADMONITION AGAINST DISCLOSURE OF JURY BALLOTING .......................... 4C
ELECTION OF FOREPERSON ................................................................. 4D

no basis for an accounting. Opposition, 2. Chamorro Equities fails to grasp MEC's damages claim. Chamorro Equities is not the only Counterclaim Defendant, and it is entitled to seek damages and equitable relief against all the tortfeasors involved in this case. Moreover its co-counterclaim defendants are currently accepting payments and authorizing expenditures that are not in Chamorro Equities' best interests. MEC is thus a shareholder of a corporation shirking its duties to its shareholders— engaging in bad faith litigation, questionable decision making, and outright bad faith conduct facilitated by a rogue group of individuals. Until MEC is able to examine the books and depose all witnesses it is impossible to know how much MEC's actual damages are. Put another way, the dividend loss alleged in this case is a floor, not a ceiling.

Additionally, Chamorro Equities cites Wightman v. Hadley, for the proposition that MEC cannot bring suit for both damages and constructive trust. Opposition at p. 2, citing, Wightman, 248 P.2d 801, 807 (Cal. App. 1952). This case is inapposite as the Wightman court clearly stands for the proposition that a plaintiff may not elect to *recover* both damages and restitution, but that is not the same thing as not being able to plead both damages and restitution. Moreover, Chamorro Equities ignores the fact that the Wightman court states that "[t]his [case at bar] was not an action at law for the conversion of stock." Wightman, 248 P.2d at 807. Wightman was a contract case and an aggrieved party to a contract can generally not recover more than the benefit of the bargain— facts completely distinguishable from Chamorro Equities' conversion of its shareholders' stock.

In the instant matter there are multiple Counterclaim Defendants and MEC is allowed to plead its case and seek differing remedies against all of them; Chamorro Equities ignores this fact. Legal damages compensate a plaintiff for its injuries such as lost profits, expenses incurred as a consequence of the harm, etc. Equitable remedies such as restitution, unjust enrichment, disgorgement, accounting, constructive trust, etc., require a defendant to turn over the benefits the defendant gained unjustly. Unlike the case in Wightman, this case is a case for conversion, and a constructive trust is allowed if a legal remedy (i.e. damages) alone cannot compensate MEC. See,

-6-

# I. PRELIMINARY OPENING INSTRUCTIONS

## JURY INSTRUCTION NO. 1A

---

### JUROR ATTENTIVENESS AND DUTIES

Ladies and gentlemen, it is now your job to decide the facts of this case and apply them to the law. It is not your job to decide whether a law is good or whether it should be followed. Your only duty is to decide the truth. To do this you must weigh the value of evidence, determining the credibility of the witness, and resolve any conflicts as there may be in either.

To decide the facts you must rely upon your memory. Anything the lawyers or I have said is not evidence and you should not consider it.

The question of possible punishment of the defendant is of no concern to the jury and should not, in any sense, enter into or influence your deliberations. The duty of imposing sentence rests exclusively upon the court. You must decide all questions of fact in this case from the evidence received in this trial and not from any other source. You must not make any independent investigation of the facts or the law or consider or discuss facts as to which there is no evidence. This means, for example, that you must not on your own visit the scene, conduct experiments, or consult reference works or persons for additional information.

*e.g.,* McWilliams Ballard, Inc. v. Level 2 Dev., 697 F. Supp. 2d 101, 110 (D.D.C. 2010).

Chamorro Equities final argument regarding the difficulty in obtaining a receivership is misplaced. Whether or not MEC will succeed on its claim is not the standard for opposing a motion to amend. MEC has alleged that Chamorro Equities and its agents are engaging in shareholder oppression and willfully denying MEC's rights. MEC alleges that Chamorro Equities is an out of control company, and the facts as plead indicate this. See, Proposed Amended Counterclaim at ¶¶ 17-19 and 86-90. Even if the facts as currently plead are not enough, Chamorro Equities cannot and did not carry its burden and demonstrate that there are no facts that would entitle MEC to a receivership. MEC is entitled to amend its Complaint.

## V.    CONCLUSION

MEC's Amended Counterclaim sets forth the facts and evidence putting Chamorro Equities on notice of the new claims MEC seeks to advance. Chamorro Equities in response has argued futility but rather than focusing on the true standard, attempts to bring dismissal arguments and defenses to prove futility. These arguments are not appropriately brought at this stage of the litigation. Therefore, the Court should grant MEC's motion and allow it to amend its Counterclaim intervention.

Respectfully submitted at Hagåtña, Guam, on August 1, 2014.

**CIVILLE & TANG, PLLC**

By:_____
JOSEPH C. RAZZANO
*Attorneys for MEC, LLC*

-7-

JURY INSTRUCTION NO. 1B

EVIDENCE

Evidence consists of the answers given by witnesses and the exhibits that were received in evidence. There are two types of evidence which you may use. One type of evidence is called direct evidence. An example of this is when a witness testifies to what he said, heard or observed. What a witness sees, feels, touches or hears -- that is called direct evidence.

Circumstantial evidence is the second type of evidence. It is evidence that tends to prove a disputed fact by proof of other facts. There is a simple example of circumstantial evidence which is often used in this courthouse.

Assume that when you came into the courthouse this morning the sun was shining and it was a nice day. As you were sitting here, someone walked in with an umbrella which was dripping wet. Somebody else then walked in with a raincoat which also was dripping wet.

Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But, on the combination of facts which I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence. You infer on the basis of reason and experience and common sense from an established fact that existence or the nonexistence of some other fact. Circumstantial evidence is of no less value than direct evidence; for, it is a general rule that the law makes no distinction between direct and circumstantial evidence.